

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 12, 2013**

*United States Bankruptcy Judge*

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **INSPIRATIONS IMPORTS, INC.,** | § | Case No. 09-33683-HDH-7 |
| | § | |
| Debtor. | § | |
| | § | |
| **DIANE G. REED, AS** | § | |
| **CHAPTER 7 TRUSTEE OF** | § | |
| **INSPIRATIONS IMPORTS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 11-03365 |
| | § | |
| **ANA ALCALA and KEVIN MOKHABERY,** | § | |
| | § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court heard the above adversary proceeding on May 1, 2013. In this proceeding, the Trustee seeks to recover a transfer of $200,000 to Defendants, pursuant to 11 U.S.C. § 548(a)(1)(B). The Court adopts the stipulated facts in the parties' Amended Joint Pre-Trial Order, filed in this proceeding on September 17, 2012. In addition, having considered the

evidence in this case, as well as arguments made by counsel, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

*Findings of Fact*

1. On June 10, 2009 (the "Petition Date"), Inspirations Imports, Inc. (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Diane G. Reed was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

3. Prior to the Petition Date, the debtor was in business in Dallas, Texas, as a wholesaler of seasonal home and garden products.

4. The Trustee's Original Complaint in this proceeding was filed on June 10, 2011.

5. The Debtor's president and sole owner was Nicholas Daryanani ("Daryanani").

6. On March 25, 2009, Daryanani wrote a check on the Debtor's operating account at MetroBank, N.A. ("MetroBank") in the amount of $200,000, payable to Defendant Alcala. (the "Transfer").

7. At the time of the Transfer, Defendants Alcala and Mokhabery jointly owned a 20% equity interest in Starman Six ("Starman Six Membership Interest"). Starman Six was formed as a Texas limited liability company in July 2006.

8. At the time of the Transfer, Starman Six owned a commercial condominium property located at 11532 Harry Hines Blvd., Dallas, Texas, referred to as the "Starman Property."

9. The memo line on the March 25, 2009, check reads "full and final payment for Starman property"

10. On March 27, 2009, Alcala deposited the $200,000 check into an account at Wells Fargo Bank.

11. Alcala and Mokhabery were married in 1997, and have remained married since then.

12. Defendant Alcala's Starman Six Membership Interest was jointly owned by Alcala and Mokhabery, and was thus community property.

13. The Transfer was made for the benefit of the Daryanani, who was individually purchasing Alcala's and Mokhabery's 20% jointly-held membership interest in Starman Six with funds from the Debtor's operating account.

14. The Transfer was not made for the benefit of the Debtor.

*Conclusions Of Law*

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(H). Venue is proper pursuant to 28 U.S.C. § 1409.

2. The Complaint was filed within two years after the entry of the order for relief, and was therefore timely.  11 U.S.C. § 546(a)(1)(A).

3. To prove a constructive fraudulent transfer under Bankruptcy Code with regard to these facts, the Trustee must show that: (1) the debtor had an interest in property, (2) a transfer of that interest occurred within two years of the bankruptcy filing, (3) the debtor was insolvent at the time of the transfer, became insolvent as a result of the transfer, or made such transfer to or for the benefit of an insider and (4) the transfer resulted in no value for debtor or the value received was not reasonably equivalent to the value of the transferred property interest. *See* 11 U.S.C.A. § 548(a)(1)(B).

4. The Trustee has proven that the Debtor's interest in its $200,000.00 operating funds transferred to Defendants.

5. The Transfer was made for the benefit of the Debtor's president, Daryanani, who was an insider.

6. Defendants' asserted alter-ego theory of defense is inapplicable. *See Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 459 -460 (7th Cir. 1991) ("The alter ego doctrine is a sword, not a shield, the basis for a cause of action, not a defense.").

7. The Debtor did not receive reasonably equivalent value from Alcala for the Transfer.

8. The schedules suggest that the Debtor was insolvent at the time of the transfer, primarily because of the large debts disclosed therein, in addition, the debtor is presumed to be insolvent on and during the ninety days immediately preceding the date of the filing of the petition. 11 U.S.C. § 547(f).   The Debtor was not able to rebut this presumption at trial.

9. The Transfer is avoidable under 11 U.S.C. § 548(a)(1)(B).

10. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to a judgment against Defendants Alcala and Mokhabery, jointly and severally, in the amount of $200,000.00.

11. To the extent any conclusion of law is more properly considered to be a finding of fact, it is so construed, and vice versa.

12. Trustee's counsel shall submit a judgment to the court for signature within fourteen days from the date of entry of these findings and conclusions.

###End of Findings of Fact and Conclusions of Law###